UNITED STATES of America, Plaintiff,

v.

William COHEN and Jerome
Cohen, Defendants.

William COHEN, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. ST–C–83–121, ST–C–84–29.

United States District Court,
W.D. North Carolina,
Statesville Division.

March 15, 1985.

Mark Muedeking, Tax Div., Dept. of Justice, Washington, D.C., Clifford C. Marshall, Jr., Asst. U.S. Atty., Asheville, N.C., for the U.S. in No. ST–C–83–121.

Kittredge R. Klapp, Neithercut, Klapp, Shegos & Dillard, Flint, Mich., for William Cohen in No. ST–C–84–29.

Robert J. Fenstersheib, Ronald E. Temkin, Fenstersheib & Temkin, Hallandale, Fla., for William and Jerome Cohen in No. ST–C–83–121.

Charles H. Fash, Tax Div., Dept. of Justice, Washington, D.C., Charles R. Brewer, U.S. Atty., Asheville, N.C., for the U.S. in No. ST–C–84–29.

## ORDER

McMILLAN, District Judge.

*United States of America v. William Cohen and Jerome Cohen*, ST–C–83–121, was originally filed in June, 1983. *William Cohen v. United States of America*, ST–C–84–29, was transferred to this district from the Eastern District of Michigan in February, 1984.

These cases were first calendared for trial at the session of court beginning on Tuesday, October 9, 1984. On the first day of that session, the court received a joint motion for a 90-day continuance because defendants [Cohen] "have expressed an interest in settling the matter" and "in order for the United States to review the offer and for the parties to fully explore the possibility of settlement."

The court denied the motion for continuance but stated that when the United States Attorney advised the court that the terms of the settlement proposed by the taxpayers would be "unconditionally recommended" to the "powers that be" in Washington, the court would postpone the trial. On October 15, 1984, the court received such a representation and was advised that "a notice of dismissal will be forthcoming." On the basis of that representation, the cases were not called for trial in that session.

The cases again appeared on the calendar for the session of court beginning February 11, 1985. At that time, no dismissals had been filed. The court received a flurry of telephone calls from counsel for both sides, (1) first representing that the cases had been settled and would not be tried, (2) then representing that settlement negotiations had broken down and the cases would have to be tried, and, (3) finally, on the first day of the calendar and the eve of the day the cases were scheduled to be tried, stating that settlement had been reached. On February 12, 1985, the court received a letter from defendants Cohen's counsel "to confirm the conversation that your office has had with the Government Attorney and

with the undersigned office, in that, the Government and the Defendant's [sic] have agreed to settle the above reference matter." Counsel attached a letter of November 7, 1984, from the government setting out terms of settlement acceptable to the government and a February 7, 1985, letter from defense counsel for the Cohens to the government accepting the settlement offer with two modifications and a "clarification" of the meaning of the term "income" in the settlement agreement as being "adjusted gross income" as defined in the tax form.

Based upon the final representations of settlement, the court informed counsel that it would not call the cases during the current trial term, but that it would not postpone them again, and "[i]f a final judgment is not presented for the court's approval by the last day of this term of court (February 22, 1985), the court expects to fashion a judgment of its own."

On February 21, 1985, the court received a letter from counsel for the government (sent *via* "Worldwide Courier Express" at unnecessary extra expense to the taxpayers), informing the court that the United States formally had accepted defendants Cohen's offer of settlement by letter of February 15, "confirming" that the parties had a contractually binding agreement based on that letter, and stating that a stipulation for entry of judgment had been executed on behalf of the United States and would be sent to the court by defense counsel on or before February 22, 1985.

On February 22, 1985, the court received a letter from defense counsel for the Cohens, sent *via* Federal Express, which stated "As per your order of February 11, 1985, enclosed is an analysis of the proposed settlement of the above referenced case." The letter proceeded to inform the court that defendant William Cohen, when earlier agreeing to the settlement provisions, had "misunderstood" the meaning of "income" in the agreement and had thought that payments due would be calculated based on "taxable income" rather than "adjusted gross income" as stated in the February 7, 1985, acceptance letter by

defense counsel. He therefore refused to sign the settlement agreement. Counsel stated that defendants "would like to still settle this case" but that they would not sign the agreement as written and "leave the disposition of this case up to your discretion."

The court and counsel have spent many hours of taxpayers' time coming to no resolution of this matter. Counsel had a year and a half before the original case was first called for trial, and over four months between the original postponement and the day the cases were again called for trial, to effectuate settlement or, alternatively, *to prepare for trial*. While it appears that the government may have relied on representations of defense counsel of the Cohens' willingness to settle, the court finds the government has shown no good cause for its failure to bring this matter to conclusion, either by settlement at an earlier date *or by proceeding to trial when the cases were called.*

William Cohen's action for a refund on taxes paid, ST–C–84–29, will be dismissed with prejudice because he has made no effort to prosecute his action.

The court believes that taxpayers are entitled to have a legal staff who do not treat litigation as a mere threat, and who are *willing to try cases* when the interests of the public require trial. In this case, it is clear that the interests of the public, the taxpayers, would have been better served not by merely bringing suit but also by trying the case.

United States Attorneys in this district are competent to try cases like these, and have no known aversion to doing so. If the tax authorities in Washington are not so willing, they ought to turn such cases over to local government lawyers who will get the job done—and get it done without undue waste of time and money.

An apocryphal story concerns a traveller who encountered a farmer driving a mule and wagon. The farmer was flogging the mule with a 2″ × 4″ piece of timber. The traveller observed that he thought the

farmer was being unkind to the mule. The reply was

"I'm not mistreating the mule; he is my friend; I'm just trying to get his attention!"

In an effort to get the attention of the tax lawyers in Washington,

IT IS THEREFORE ORDERED:

1. That ST–C–84–29, *William Cohen v. United States of America,* is DISMISSED WITH PREJUDICE pursuant to Rule 41(b) for failure to prosecute.

2. That ST–C–83–121, *United States of America v. William Cohen and Jerome Cohen,* is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) for failure to prosecute. It may be re-filed at any time within the appropriate statute of limitations if the new complaint is accompanied by an affidavit from counsel that the United States is prepared and ready to proceed to trial immediately.